UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ORIGINAL

-------------------------------------------------------------

YURIY Y. SHIMUNOV,

**CV 11 - 5136**

Docket No.:

Plaintiff,

-against-

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  OCT 21 2011  ★

HOME DEPOT U.S.A., INC.,

Defendant.

BROOKLYN OFFICE

PETITION FOR REMOVAL OF
ACTION UNDER
28 U.S.C. §1446(a)
DIVERSITY

MATSUMOTO, J.

POHORELSKY, M.J.

-------------------------------------------------------------X

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant HOME DEPOT U.S.A., INC., hereby submits this Notice of Removal in accordance with 28 U.S.C. §1446 and respectfully represent as follows:

1. This action was commenced against Home Depot U.S.A., Inc. in the Supreme Court of the State of New York, County of Queens, Index Number 2478/2011 and was served on or about March 16, 2011.

2. Pursuant to 28 U.S.C. §1446(a), a copy of all pleadings is attached hereto as **Exhibit "A"**.

3. This firm represents Defendant Home Depot U.S.A., Inc. in this action.

4. Defendant seeks removal of this action pursuant to 28 U.S.C. §1446 and Local Civil Rule 81.1, which permits removal of causes of action based upon diversity of citizenship of the parties.

5. At the time that this action was filed, defendant Home Depot U.S.A, Inc., was and still is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 2455 Paces Ferry Road SW, Atlanta, Georgia.

4844-3067-4700.1

6.  Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." For the purposes of federal diversity jurisdiction, based upon the above, Home Depot U.S.A., Inc. is not a citizen of the State of New York.

7.  The Plaintiff, in the Complaint, alleges to be a citizen of the State of New York.

8.  The plaintiff, in its letter response to Home Depot's Demand for a Statement of Damages, alleges to have been damaged in the amount of $500,000 and, therefore, the amount in controversy exceeds $75,000 exclusive of interest, costs and attorneys fees. The Statement of Damages was served upon counsel on October 14, 2011. Since it was not facially apparent from the Plaintiff's Complaint whether the amount in controversy exceeds the $75,000 threshold, Home Depot U.S.A., Inc. can remove the action within thirty days of service of the Statement of Damages. A copy of the letter Statement of Damages is attached hereto as **Exhibit "B"**.

9.  There is complete diversity of citizenship between the parties to this action.

THEREFORE, all parties to the Civil Action pending in the Supreme Court of the State of New York, County of Queens, Index No. 2478/2011 are HEREBY NOTIFIED pursuant to 28 U.S.C. §1446 and Local Civil Rule 81.1, as follows:

Removal of the Civil Action and all claims and causes of action therein is effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to 28 U.S.C. §1446. The Civil Action is removed from the State Court to the United States District Court, Southern District of New York. The parties to the Civil Action shall Proceed no further in the State Court.

WHEREFORE, Defendant Home Depot U.S.A., Inc. prays that this cause of action be removed to the United States District Court, Southern District of New York.

Dated: New York, New York
          October 20, 2011

                                   LEWIS BRISBOIS BISGAARD & SMITH, LLP

                              By:

                                   _____
                                   David M. Pollack (DP 6143)
                                   *Attorney for Defendant*
                                   *Home Depot U.S.A., Inc.*
                                   77 Water Street, 21st floor
                                   New York, New York 10038
                                   (212) 232-1300
                                   (212) 232-1399 fax

4844-3067-4700.1

TO:    Mallilo & Grossman, Esqs.
          *Attorneys for Plaintiffs*
          163-09 Northern Boulevard
          Flushing, New York 11358

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
YURIY Y. SHIMUNOV,                                                    Docket No.:

                                    Plaintiff,                        RULE 7.1 DISCLOSURE

            -against-


HOME DEPOT U.S.A., INC.,

                              Defendant.

-----------------------------------------------------------------X


        Pursuant to the Federal Rules of Civil Procedure Rule 7.1, Home Depot U. S. A., Inc.
states that it is a direct, wholly-owned subsidiary of The Home Depot Inc. and The Home
Depot, Inc., owns 100% of the capital stock of Home Depot U.S.A., Inc.  Based solely on a
review of filings made with the Securities and Exchange Commission, no publicly-held
corporation owns 10% or more of the capital stock of The Home Depot, Inc. or Home Depot
U.S.A., Inc.. The Home Depot, Inc. and Home Depot U.S.A., Inc have a number of wholly-
owned and indirectly owned subsidiaries, but none of those subsidiaries have publicly
issued shares.

Dated: New York, New York
        October 20, 2011


                                    LEWIS BRISBOIS BISGAARD & SMITH, LLP

                            By:

                                    _____
                                    David M. Pollack (DP 6143)
                                    *Attorney for Defendant*
                                    *Home Depot U.S.A., Inc.*
                                    77 Water Street, 21st floor
                                    New York, New York 10038
                                    (212) 232-1300
                                    (212) 232-1399 fax


TO:     Mallilo & Grossman, Esqs.
        *Attorneys for Plaintiffs*
        163-09 Northern Boulevard
        Flushing, New York 11358


4844-3067-4700.1

10PI780

SUPREME COURT: QUEENS COUNTY
-----------------------------------------------------------------X
YURIY Y. SHIMUNOV

                                    Plaintiff(s),

                    -against-

HOME DEPOT U. S A. INC.

                                    Defendant(s)

-----------------------------------------------------------------X

Index No.: 3478/2011

Date Purchased: 2/14/2011
**SUMMONS**

**The basis of venue is:**
**PLAINTIFF'S RESIDENCE**

**Plaintiff resides at:**
**8258 166TH STREET**
**JAMAICA, NY 11432**
**County of Queens**

TO THE ABOVE NAMED DEFENDANT(s):

        YOU ARE HEREBY SUMMONED to appear in this action by serving a notice of appearance on plaintiff's attorneys within 20 days after service of this summons, exclusive of the day of service, or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

DATED: Queens, New York
        December 20, 2010
     D/A: March 19, 2010

Home Depot USA Inc.
92-30 168 Street
Jamaica NY

Yours, etc.,
MALLILO & GROSSMAN, ESQS.
Attorney for Plaintiff(s)
163-09 Northern Boulevard
Flushing, New York 11358
        718-461-6633



SUPREME COURT: QUEENS COUNTY
--------------------------------------------------------------X
YURIY Y. SHIMUNOV

                              Plaintiff(s),                    VERIFIED COMPLAINT

              -against-                                        Index No.:

HOME DEPOT U. S A. INC.

                              Defendant(s)

--------------------------------------------------------------X

           Plaintiff, by their attorneys, MALLILO & GROSSMAN, ESQS,
complaining of the defendants herein, respectfully show to the Court and allege:

           1.     That at all times hereinafter mentioned, the plaintiff, YURIY Y.
SHIMUNOV, was and still is a resident of the County of Queens, City and State of New
York.

           2.    Upon information and belief, and at all times .
hereinafter mentioned, the defendant, HOME DEPOT U. S A.
INC., was and still is a domestic corporation duly
organized and existing by virtue of the laws of the State
of New York.

           3.    Upon information and belief, and at all times
hereinafter mentioned, the defendant, HOME DEPOT U. S A.
INC., was and still is a foreign corporation doing business
in the State of New York.

4. Upon information and belief, and at all times hereinafter mentioned, the defendant, HOME DEPOT U. S A. INC. was and still is a sole proprietorship doing business in the State of New York.

5. Upon information and belief, and at all times hereinafter mentioned, the defendant, HOME DEPOT U. S A. INC. was and still is an unincorporated association doing business in the State of New York.

6. That on March 19, 2010, while plaintiff was lawfully and properly walking on the sidewalk of the premises known as 9230   168 STREET, QUEENS County, he was caused to slip and fall due to a on wet escalator, causing plaintiff to sustain serious personal injury.

7. Upon information and belief, that at all times hereinafter mentioned, the defendant, HOME DEPOT U. S A. INC., owned said premises at issue.

8. Upon information and belief, that at all times hereinafter mentioned, the defendant, HOME DEPOT U. S A. INC., operated said premises at issue.

9. Upon information and belief, that at all times hereinafter mentioned, the defendant, HOME DEPOT U. S A. INC., maintained said premises at issue.

10. Upon information and belief, that at all times hereinafter mentioned, the defendant, HOME DEPOT U. S A. INC., managed said premises at issue.

11. Upon information and belief, that at all times hereinafter mentioned, the defendant, HOME DEPOT U. S A. INC., controlled the said premises at issue.

12.     That on March 19, 2010 the defendant, HOME DEPOT U. S A. INC., its agents, servants, employees, heirs, assigns and/or transferees negligently and carelessly maintained  said premises in such a haphazard, negligent manner as to cause the same to become and remain in an unsafe, improper and dangerous condition, which consisted of a trap and nuisance as well as a negligent and improper condition of which the defendant had due notice, or by the use of reasonable care and inspection therein, might and should have had due notice.

13.     Upon information and belief, that at all times hereinafter mentioned, it was the duty of the defendant, HOME DEPOT U. S A. INC., its agents, servants, employees, heirs, and/or transferees to maintain the aforesaid premises in a safe, proper, lawful and careful manner, so that the same would not be dangerous to persons lawfully on said premises and to keep the same from defaults, traps and conditions constituting a danger and menace to persons lawfully and properly therein.

14.     That said accident and resulting injuries to the plaintiff were caused solely and wholly by reason of the carelessness, recklessness and negligence of the defendant, without any negligence of the plaintiff contributing thereto.

15.     That by reason of the aforesaid, plaintiff was rendered sick, sore, lame and disabled, and was unable to attend to her usual duties for a considerable time, required medical aid and attention, suffered grievous physical pain and mental anguish and has been damaged in the sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction

WHEREFORE, the plaintiff demands judgment against the defendant, in the first cause of action and the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:  Queens, New York
        December 20, 2010

MALLILO & GROSSMAN
Attorney (s) for Plaintiff
163-09 Northern Boulevard
Flushing, New York 11358
(718) 461-6633
10PI780

STATE OF NEW YORK )
                  ) SS.:
COUNTY OF QUEENS  )


    I, YURIY Y. SHIMUNOV, BEING DULY

SWORN DEPOSES AND SAYS:

    THAT I AM THE PLAINTIFF IN THE WITHIN ACTION.

    THAT I HAVE READ THE FOREGOING COMPLAINT AND KNOW THE

CONTENTS THEREOF; THE SAME IS TRUE AND TO MY OWN KNOWLEDGE, EXCEPT

AS TO THE MATTERS HEREIN STATED TO AS ALLEGED ON INFORMATION AND

BELIEF, AND AS TO THOSE MATTERS I BELIEVE IT TO BE TRUE.


                    YURIY Y. SHIMUNOV


SWORN TO BEFORE ME THIS
14 DAY OF ___ , 2011


ANTHONY MALULO
Notary Public, State of New York
No. 02MA4680835
Qualified in Queens County
Commission Expires Oct. 31 2014

# MALLILO & GROSSMAN
### ATTORNEYS AT LAW
163-09 NORTHERN BLVD.
FLUSHING, NY 11358
## (718) 461-6633
FAX (718) 461-1062

ANTHONY MALLILO
JACK GROSSMAN
FRANCESCO POMARA, JR.
JEFFREY M. BLUM

JESSICA KRONRAD
JAWAN N. FINLEY
JOHN S. MANESSIS
ANN JEN
JAMES YOO
GARY W. CALIENDO
ELLIOT LEWIS
ANGELA A. CAPRI
MICHAEL MA

October 14, 2011

OFFICE MANAGER
GEORGIA MALLILO

PARALEGALS
PAMELA GIOELI
CHRISTOPHER LARAQUE
JOO LEE CHUNG

BROOKLYN OFFICE
1957 Flatbush Avenue
Brooklyn, NY 11234

(718) 951-7345
Fax (718) 951-7456
ATTORNEYS
DENNIS FELICIANO

LEWIS, BRISBOIS, BISGAARD & SMITH, LLP
77 Water Street, Suite 2100
New York, NY 10005

Re:   SHIMUNOV v. HOME DEPOT USA, INC.
      Index #3478/2011
      Date of Accident: 3/19/2010
      10PI780

Dear Sir/Madam:

This will serve as a formal response to the Preliminary Conference Order of Justice Hart, dated October 13, 2011 as well as Defendant's Demand for a Statement of Damages, dated July 13, 2011.

This action is one for personal injuries sustained by the plaintiff as a result of a slip and fall which occurred on March 19, 2010. Plaintiff is seeking the monetary amount of Five Hundred Thousand Dollars ($500,000.00) reflecting the amount of damages to which he deems himself entitled.

Please be advised that a complete itemization of all damages sustained by plaintiff as a result of this accident is undetermined at this time until further discovery is had. All documentation used to compute such damages are to be provided prior to the time of trial according to the provisions of the CPLR.

Should you require any additional information regarding this matter, please do not hesitate to contact this office.

Thank you for your courtesy and cooperation.

Very truly yours,

MALLILO & GROSSMAN

By: _____
    JOO LEE CHUNG, Paralegal

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

**Mary Parker,** being duly sworn, deposes and says:

I am not a party to this action, I am over eighteen (18) years of age and I reside in the State of New York, County of Brooklyn.

That on Thursday, October 20, 2011, I served a true copy of the annexed **PETITION FOR REMOVAL OF ACTION, RULE 7.1 STATEMENTS, AND SUPPORTING EXHIBITS** by serving same by mailing same in a properly post-paid and sealed envelope via *First Class Mail* within the State of New York, upon the following:

Mallilo & Grossman, Esqs.
*Attorneys for Plaintiffs*
163-09 Northern Boulevard
Flushing, New York 11358

_____
Mary Parker

Sworn to before me this
20th day of _October_, 2011.

_____
- Notary Public -

MARY E. FARO
Notary Public, State of New York
No. 24-4968209
Qualified in Kings County
Comm. Expires June 18, 20 14

4844-3067-4700.1