```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------- X
YURIY Y. SHIMUNOV,

                    Plaintiff,

    -against-                                    **MEMORANDUM & ORDER**

HOME DEPOT U.S.A, INC.,                          11-CV-5136 (KAM)

                    Defendant.

-----------------------------------X
```
**MATSUMOTO, United States District Judge:**

Plaintiff Yuriy Y. Shimunov commenced this action against defendant Home Depot U.S.A, Inc. by filing a Summons and Complaint dated December 20, 2010, in the Supreme Court of New York, Queens County. (Complaint.) Plaintiff alleges that he slipped and fell on an escalator at the Home Depot store at 92-30 168th Street in Queens, New York, on March 19, 2010, because defendant "negligently and carelessly maintained said premises in such a haphazard, negligent manner as to cause" injury to him, which resulted in "grievous physical pain and mental anguish." (*Id.* ¶¶ 6, 12, 15.)

Defendant removed this case on October 21, 2011, under 28 U.S.C. § 1446, alleging diversity jurisdiction. (ECF No. 1, Notice of Removal, 10/21/11.) Defendant's fully briefed motion for summary judgment is now pending before this court. (ECF No. 22, Motion for Summary Judgment, 6/20/13.) For the reasons set forth below, defendant's motion for summary judgment is granted.

## BACKGROUND

The following facts, taken from the parties' statements pursuant to Local Civil Rule 56.1, are undisputed unless otherwise indicated. The court has considered whether the parties have proffered admissible evidence in support of their positions and has viewed the facts in the light most favorable to the nonmoving plaintiff. Because plaintiff admits to nearly all of the facts proffered by defendant in defendant's Rule 56.1 Statement of Undisputed Material Facts, the court will only cite to defendant's statement to the extent that both parties agree with defendant's proffered fact.

Plaintiff drove to the Home Depot store at 92-30 168th Street in Queens on March 19, 2010, to shop for "some home needed stuff," although he no longer remember exactly what he was planning to purchase or precisely when he arrived at the store. (Defendant's Rule 56.1 Statement of Undisputed Material Facts ("Def.'s 56.1 Stmt."), 4/29/13, ¶¶ 1, 14, 17, 19.) Plaintiff testified that he shopped at this Home Depot "all the time" because it was close to his house. (*Id.* ¶ 6.)

After arriving at the store, plaintiff parked his car in an upstairs parking lot and used an elevator to enter the main area of the store. (*Id.* ¶ 19.) Plaintiff did not recall how long he spent shopping in the store, if he entered any aisle other the aisle with screws and hardware, or if he purchased any

items, but he stated in his affidavit that he was not carrying any items when he left. (*Id.* ¶¶ 19-21, 23; Affidavit of Plaintiff ("Pl.'s Aff."), 6/3/13, ¶ 9.)

The Home Depot store had one escalator going up and one escalator going down. (Def.'s 56.1 Stmt. ¶ 24.) To leave the store, plaintiff took the escalator going up so he could retrieve his car from the parking lot. (*Id.* ¶ 25.) Plaintiff had walked between two and five steps on the moving escalator going up and was looking up at the exit when he slipped and fell down. (*Id.* ¶¶ 25, 37.)

Plaintiff testified that a step on the escalator was "slippery, it was oily," but that he did not see any oily substance on the step until after he had fallen. (*Id.* ¶¶ 27, 42.) Plaintiff further testified that the substance was "oil[;] [it] was . . . like black, it was dark," but he did not recall if more than one step was slippery or oily, did not see or recall any puddle of oil on the escalator, and did not remember if the oily substance coated the entire tread of the step. (*Id.* ¶¶ 28, 31-32, 40.) Plaintiff was not aware of any problems with the escalator before the accident. (*Id.* ¶ 41.) No one else was on the escalator, and no one saw plaintiff fall. (*Id.* ¶¶ 35-36.)

Plaintiff cut his finger after falling, and he returned to the store and eventually spoke to Nafiza Alli-Singh,

the manager on duty at the Home Depot that day. (*Id.* ¶¶ 43-44, 50.) Plaintiff told Singh "the escalator, I just falled [sic]," but he did not show her where he fell and left the store without filling out an incident report. (*Id.* ¶¶ 44-46.) Plaintiff testified that he told Singh he had slipped on "something" on the escalator and that Singh cleaned his oily hands and gave him a bandage. (Plaintiff's Rule 56.1 Statement of Undisputed Material Facts ("Pl.'s 56.1 Stmt."), 6/3/13, ¶ 44.) In his affidavit, plaintiff averred that he slipped and fell on the escalator but did not specify that he told Singh he slipped and fell on an oily substance on the escalator. (Pl.'s Aff. ¶¶ 19-20.)

Defendant, however, asserts that plaintiff did not show the oily substance to any Home Depot employee or tell any Home Depot employee about the oily substance. (Def.'s 56.1 Stmt. ¶¶ 44, 47.) For the purposes of this motion, the court will accept that plaintiff did in fact tell Singh that he slipped on "something" and that she cleaned an oily substance off of his hands. The court further notes that these facts are immaterial to its decision.

As part of her responsibilities, Singh regularly ensured that there were no hazardous conditions by walking through the store every hour and riding up and down the escalators. (*Id.* ¶ 51.) Home Depot trains associates to

4

recognize hazardous conditions in its stores, instructs them to contact appropriate personnel to remedy any hazardous conditions, and requires hourly "walking the store inspections," including inspections of the escalator area every morning and evening. (*Id.* ¶ 56.) Singh inspected the escalator, at most, one hour before plaintiff's accident and did not notice any oily substance or other hazardous condition during that inspection or any other inspection that day. (*Id.* ¶¶ 52-53, 55.) Moreover, between the time of Singh's last inspection and plaintiff's accident, which was no more than an hour later, Singh, who carries a walkie-talkie, did not receive any notices or complaints about any dangerous conditions. (*Id.* ¶ 54.) After Plaintiff left the store, Singh went to check the escalator but did not see an oily substance or any other hazardous condition. (*Id.* ¶ 59).

## DISCUSSION

### A. Summary Judgment Standard

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement

is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also Opals on Ice Lingerie, Designs by Bernadette, Inc. v. Bodylines, Inc.*, 320 F.3d 362, 368 (2d Cir. 2003) (same). "A fact is material if it might affect the outcome of the suit under the governing law." *Fincher v. Depository Trust and Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008)). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (quoting *Roe*, 542 F.3d at 35). Additionally, no genuine issue of material fact exists "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

A moving party meets its Rule 56 burden of demonstrating that no genuine issue of material fact exists if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *see also Miner v. Clinton Cnty.*, 541 F.3d 464, 471 (2d Cir.

2008) ("[u]nless the nonmoving party offers some hard evidence showing that its version of the events is not wholly fanciful, summary judgment is granted to the moving party") (alteration in original) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007)). The court must construe the facts in the light most favorable to the nonmoving party and all reasonable inferences and ambiguities must be resolved against the moving party. *See Institute for Shipboard Educ. v. Cigna Worldwide Ins. Co.*, 22 F.3d 414, 418 (2d Cir. 1994).

### 1. Summary Judgment Burdens under Diversity Jurisdiction

While a federal court with diversity jurisdiction over a case must apply the substantive law of the state in which it sits under the *Erie* doctrine, *see Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 118 (2d Cir. 2005), the Second Circuit has affirmed that "the evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions," and are governed by Federal Rule of Civil Procedure 56 rather than state procedural law. *Tenay v. Culinary Teachers Ass'n of Hyde Park*, 281 F. App'x 11, 13 (2d Cir. 2008) (summary order) (quoting *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988)); *see also Mauro v. Costco Wholesale Corp.*, No. 09-CV-1391, 2013 U.S. Dist. LEXIS 102212, at *6 (E.D.N.Y. July 22, 2013) ("to the legal issues raised by the motion, the substantive law of New York

7

applies, but federal law governs the procedural issues, including the standards on summary judgment under Federal Rule of Civil Procedure 56"); *Painchault v. Target Corp.*, No. 09-cv-1831, 2011 U.S. Dist. LEXIS 103496, at *9 (E.D.N.Y. Sept. 13, 2011) ("Though 'New York law applies a different standard for summary judgment in slip-and-fall cases[, t]he federal standard controls here because what burdens each party bears on summary judgment is a procedural rather than substantive matter.'") (alteration in original) (quoting *DeAngelis v. Am. Airlines, Inc.*, No. 06-cv-1967, 2010 U.S. Dist. LEXIS 33404, at *9 n.2 (E.D.N.Y. Mar. 31, 2010)).

As a result, the defendant in this case may satisfy its burden for summary judgment under Federal Rule of Civil Procedure 56 by "point[ing] to an absence of evidence to support an essential element of the nonmoving party's claim." *Doona v. OneSource Holdings, Inc.*, 680 F. Supp. 2d 394, 399 (E.D.N.Y. 2010) (quoting *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995)); *see also Ross v. New Canaan Envtl. Comm'n*, 532 F. App'x 12, 12-13 (2d Cir. 2013) (summary order) (same); *Vargas v. Pfizer, Inc.*, 352 F. App'x 458, 459 (2d Cir. 2009) (summary order) (parties moving for summary judgment "may satisfy their burden under Rule 56 by showing 'that there is an absence of evidence to support [an essential element] of the nonmoving party's case'") (quoting *Repp v. Webber*, 132 F.3d

882, 890 (2d Cir. 1997)).

Finally, "[w]hen the moving party has pointed to the absence of evidence to support an essential element on which the party opposing summary judgment has the burden of proof, the opposing party, in order to avoid summary judgment, must show the presence of a genuine issue by coming forward with evidence that would be sufficient, if all reasonable inferences were drawn in his favor, to establish the existence of that element at trial." *United States v. Rem*, 38 F.3d 634, 643 (2d Cir. 1994); *see also Miner*, 541 F.3d at 471 (same).

**B. Negligence**

To establish a *prima facie* case of negligence under New York law, "a plaintiff must demonstrate (i) the existence of a duty of care owed by the defendant to the plaintiff; (ii) breach of that duty; (iii) damages or injury proximately caused by the defendant's breach." *Gonzalez v. Aramark Food & Support Servs. Grp. Inc.*, No. 09-CV-4843, 2012 WL 1019982, at *3 (E.D.N.Y. Mar. 26, 2012); *see also Curley v. AMR Corp.*, 153 F.3d 5, 13 (2d Cir. 1998) (same); *Solomon v. City of New York*, 489 N.E.2d 1294, 1294-95 (N.Y. 1985) (same). In addition, to show that the defendant breached its duty of care and "make out a prima facie case of negligence in a slip and fall case, the plaintiff must prove either that [the] defendant had knowledge of the alleged dangerous condition, either actual or

9

constructive, or that it caused the condition to be created by its own affirmative act." *Riley v. Battery Place Car Park*, 210 F. App'x 76, 77 (2d Cir. 2006) (summary order) (quotation and citation omitted); *see also Mercer v. City of New York*, 637 N.Y.S.2d 456, 458 (N.Y. App. Div. 1996) ("The requirement that actual or constructive notice be given serves to ensure that the property owner has a sufficient opportunity, within the exercise of reasonable care, to remedy the situation.") (citations omitted).

In this case, defendant asserts that summary judgment is appropriate because there is no evidence to show that it created a hazardous condition or had actual or constructive notice of a hazardous condition. These arguments will be addressed below.[1]

1. **Creation of Hazardous Condition and Actual Notice of Hazardous Condition**

Defendant argues there is no evidence in the record that it either created or had actual notice of any hazardous condition on the escalator and provides a supporting affidavit

---

[1] While a defendant who moves for summary judgment in a slip-and-fall case under New York law has "the initial burden of demonstrating, prima facie, that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it," *Doona*, 680 F. Supp. 2d at 400 (quoting *Totten v. Cumberland Farms, Inc.*, 871 N.Y.S.2d 179, 180 (N.Y. App. Div. 2008)), this court, as explained in Discussion section A.1, must apply the federal standard, which allows a defendant moving for summary judgment to satisfy its burden under Federal Rule of Civil Procedure 56 by "point[ing] to an absence of evidence to support an essential element of the nonmoving party's claim." *Id.* at 399 (internal quotation and citation omitted).

from its manager on duty, who avers that she did not observe any hazardous condition on the escalator within one hour prior to plaintiff's fall or after plaintiff reported his fall.[2] (Memorandum of Law ("Mem."), 4/29/13, at 6-10; Affidavit of Nafiza Alli-Singh, 4/26/13, ¶¶ 5, 11.) Also, plaintiff does not point to any facts that suggest defendant either created a hazardous condition on the escalator or had actual knowledge of a hazardous condition on the escalator, (Affirmation in Opposition ("Opp."), 6/3/13), and this court is unable to discern any such facts from its own review of the record. Therefore, the court finds that plaintiff cannot establish an essential element of his claim by showing that defendant either created or had actual notice of a hazardous condition.

## 2. Constructive Notice of Hazardous Condition[3]

For a defendant to have constructive notice of a hazardous condition, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the

---

[2] To show that defendant created a hazard a plaintiff must point to evidence that defendant "created, or somehow was responsible for the creation of," the hazardous condition. *Doona*, 680 F. Supp. 2d at 404; *see also Olsen v. K Mart Corp.*, No. 04-cv-3648, 2005 U.S. Dist. LEXIS 26845, at *12 (E.D.N.Y. Nov. 8, 2005) ("For a plaintiff to prove *prima facie* negligence, even if she can credibly infer creation by defendant, she must show the creation was an affirmative, 'deliberate and intentional' act by defendant.") (quoting *Cook v. Rezende*, 300 N.E.2d 428, 429 (N.Y. 1973)).

[3] Defendant correctly points out that plaintiff in his responses to interrogatories misidentified his constructive notice claim as pertaining to a "box of tiles" instead of an oily substance on an escalator. (Mem. at 10.) Notwithstanding what plaintiff concedes is an erroneous statement, the court will reach the merits of defendant's motion.

11

accident to permit defendant's employees to discover and remedy it." *Riley*, 210 F. App'x at 77 (quoting *Gordon v. Am. Museum of Natural History,* 492 N.E.2d 774, 775 (N.Y. 1986)); *see also Feis v. United States*, 484 F. App'x 625, 628 (2d Cir. 2012) (summary order) (same).

"The mere existence of a liquid substance . . . where the accident allegedly took place does not establish constructive notice." *Hammond-Warner v. United States*, 797 F. Supp. 207, 211 (E.D.N.Y. 1992); *see also Piacquadio v. Recine Realty Corp.*, 646 N.E.2d 795, 796 (N.Y. 1994) ("a 'general awareness' that a dangerous condition may be present is legally insufficient to constitute notice"); *Pirillo v. Longwood Assocs., Inc.*, 579 N.Y.S.2d 120, 120 (N.Y. App. Div. 1992) (holding that "mere existence of the soda on the floor at the time of the accident is insufficient to impute notice").

"Instead, the record must contain evidence of 'either how the substance got there or how long it was there before the fall.'" *Painchault*, 2011 U.S. Dist. LEXIS 103496, at *11 (quoting *Casiano v. Target Stores*, No. 06 CV 6286, 2009 U.S. Dist. LEXIS 92211, at *8 (E.D.N.Y. Sept. 24, 2009)); *see also Tenay*, 281 F. App'x at 14 (same); *Hammond-Warner*, 797 F. Supp. at 211 ("in order to show constructive notice, plaintiff must present evidence of the length of time the condition existed prior to the alleged fall"); *Tingling v. Great Atl. & Pac. Tea*

*Co.*, No. 02 Civ. 4196, 2003 U.S. Dist. LEXIS 22725, at *5 (S.D.N.Y. Dec. 15, 2003) (granting summary judgment for defendant in part because "plaintiffs have failed to produce any evidence tending to show how long the allegedly dangerous condition . . . existed prior to [the] accident").

Although plaintiffs can establish constructive notice through circumstantial evidence, they must offer more than mere speculation that defendants should have been aware of a visibly hazardous condition. *Compare Cagnetto v. Supermarkets Gen. Corp.*, No. CV-86-0972, 1988 WL 71919, at *2 (E.D.N.Y. June 22, 1988) (finding constructive notice because store employees at nearby cash registers should have seen broken egg that contrasted with grey floor in a highly trafficked area of store where items were more likely to be dropped), *and Negri v. Stop & Shop, Inc.*, 480 N.E.2d 740, 741 (N.Y. 1985) (finding constructive notice because "a lot of broken jars" of baby food were on the floor, witness in immediate vicinity did not hear any jars falling or breaking for 15-20 minutes before plaintiff's slip-and-fall accident, and aisle had not been inspected or cleaned for at least 50 minutes before accident), *with Tenay*, 281 F. App'x at 14 (finding no constructive notice where plaintiff "offered neither any evidence that the wet area was visible or apparent, nor any evidence suggesting how long the condition had existed prior to his fall"), *and Riley*, 210 F.

App'x at 77 (finding no constructive notice because of plaintiff's "failure to show that the oil [patch] was visible or that it existed" for enough time prior to accident for defendant's employees to discover and remedy it).

Plaintiff contends that "constructive notice is claimed in that the dangerous, slippery, oily condition of escalator step was visible, apparent, and existed for a sufficient length of time prior to the accident." (Opp. ¶ 51.) The record, however, plainly contradicts plaintiff's assertion that the oily substance was "visible" or "apparent." First, plaintiff has conceded that he did not notice any problems with the escalator or see the oily substance prior to his fall. (Def.'s 56.1 Stmt. ¶¶ 41-42; Pl.'s Aff. ¶ 16 ("I did not see the oily substance before I [fell] because it blended in with the steps.").) In addition, the store manager on duty the day of the accident has averred that she did not see any oily substance on the escalator during any of her inspections, including an inspection she conducted, at most, an hour before plaintiff's accident. (Def.'s 56.1 Stmt. ¶¶ 52-53, 55.) Finally, unlike cases where plaintiffs established constructive notice through circumstantial evidence, the plaintiff in this case does not and "cannot identity one fact that could lead to a reasonable conclusion about how or when the substance was created." (Mem. at 11.) Because there is no "evidence that the [hazardous

condition] was visible or apparent, nor any evidence suggesting how long the condition had existed prior to [plaintiff's] fall," the court finds that defendant has established an absence of evidence of constructive notice. *Tenay*, 281 F. App'x at 14. Consequently, plaintiff has failed to present evidence necessary to prove an essential element of his claim or to show the presence of a genuine issue of material fact for trial.[4]

### CONCLUSION

For the foregoing reasons, the court grants defendant's motion for summary judgment. The clerk of court is respectfully requested to enter judgment for defendant and to close this case.

**SO ORDERED.**

Dated:    March 28, 2014
            Brooklyn, New York

                                                                    /s/
                                          KIYO A. MATSUMOTO
                                          United States District Judge
                                          Eastern District of New York

---

[4] Plaintiff also relies on two cases – *Albergo v. Deer Park Meat Farms, Inc.*, 526 N.Y.S.2d 580 (N.Y. App. Div. 1988), and *Currado v. Waldbaum, Inc.*, 755 N.Y.S.2d 892 (N.Y. App. Div. 2003) – to argue that "a reasonable inspection" would have revealed the oily substance on the escalator. (Opp. ¶ 46.) But the plaintiff in *Albergo* presented an expert witness, 526 N.Y.S.2d at 580-81, and the plaintiffs in *Currado* presented an expert affidavit, 755 N.Y.S.2d at 893, while plaintiff in this case has *not* presented any expert testimony or affidavit. Accordingly, this argument has no merit.